## A. L. OWENS v. E. D. CARSTARPHEN.

(Filed 11 September, 1929.)

1. **Sales H a—In this case held: evidence did not show total failure of consideration in sale of bank stock.**

Where in an action on a note, the evidence tends to show that the consideration for the note was certain shares of bank stock and the promise of the payee to make the payer a director of the bank, and that the payer was made a director and, acting as such director, voted for and received dividends upon his stock, the execution of the note being admitted, upon the later insolvency of the bank the payer may not maintain the position that there was a total failure of consideration, and an instruction that the jury should answer the issue of indebtedness in favor of the defendant if they found the stock to be worthless is reversible error.

2. **Contracts D a—Party may not accept benefits of contract and at same time deny its validity.**

A party may not accept the benefits of a contract and at the same time deny its validity.

APPEAL by plaintiff from *Devin, J.,* at July Term, 1929, of WASH-INGTON. New trial.

*Edward L. Owens and Zeb Vance Norman for plaintiff.*
*Martin & Martin for defendant.*

PER CURIAM. The plaintiff brought suit to recover the amount alleged to be due on a negotiable promissory note in the sum of $250 executed and delivered to him by the defendant on 14 January, 1920, payable 1 January, 1921, for the purchase of two shares of stock in the Bank of Plymouth. The defendant admitted the execution of the note, but alleged that the bank was insolvent and the stock worthless when the note was signed and the certificate of stock received, and pleaded total failure of consideration in bar of the plaintiff's recovery. His Honor instructed the jury to answer the issue of indebtedness in favor of the defendant if they found that the stock was worthless at the time of the transaction, and that there was in this respect a failure of consideration. To this instruction the plaintiff excepted.

The plaintiff testified that in January, 1920, the Bank of Plymouth was in his opinion as solvent as any bank; that it had no bad paper; that its assets were good, and that its stock was worth more than the purchase price.

The bank and another were consolidated in 1922 under the name of the United Commercial Bank, for which a receiver was afterwards appointed.

According to the defendant's testimony the consideration for the note was the stock he purchased and the plaintiff's promise to make him a director of the bank. A week after the note was executed the plaintiff's promise was fulfilled, and the defendant served as a director for two years thereafter. During each year he voted for and received a dividend of six per cent on his stock. He testified, "I helped declare these dividends and received my part; the board of directors of which I was one paid a dividend one year on something worthless."

True, the defendant says that after two years he found the stock was worthless when he gave the note; but according to his own testimony it was not without value, for he received annual dividends of several dollars each. If the dividends were permissible the investment was a good one; if not permissible the defendant, in his capacity as director should have known it, and in either event he cannot be permitted to accept the benefits of his contract and at the same time deny its validity. Particularly is this true when as he admits he paid interest on his note for six years—four years after his alleged discovery that the stock was worthless. Moreover, the promise of a place on the board of directors

held out the "thought of a big job," as he said; and if the "job" was not as great as anticipated the fact remains that a promise for a promise is itself a consideration.

The question of a partial failure of consideration seems not to have been considered. We do not intend to intimate that it would or would not have been a defense *pro tanto.* C. S., 3008. There must be a

New trial.